No. A-CV-29-81

COURT OF APPEALS OF THE NAVAJO NATION

September 16, 1982

Benjamin LEE, Appellant.

vs.

Mary Lynn FOSTER, Appellee.

ORDER DISMISSING APPEAL

William P. Battles, Esq., Battles & Associates, Fort Defiance, Navajo Nation (Arizona) for Appellant and William Shepherd, Esq., DNA, Window Rock, Navajo Nation (Arizona) for Appellee.

This is an appeal from an order of the Window Rock District Court which fixed an arrearage figure for child support which was found to be due and owing, and confirmed a prior child support monthly payment order.

The reasons for appeal assigned in a brief before the court complain: 1. There was an oral continuance granted by a judge other than the regular judge for the judicial district, but the regular judge for the district proceeded with a hearing; 2. The court did not have sufficient testimony upon which to base its order; 3. There was no accounting to the court regarding the condition and well being of the minor child; and 4. The court ignored blood grouping motions.

The question to be decided here is whether the reasons shown for the appeal are enough to show "good cause" for the purpose of the statute allowing appeals for good cause.

1. The continuance: Judge Brown apparently granted an oral continuance and Judge Tso, the regular district judge, found Judge Brown had no jurisdiction to grant a continuance. Further, the appellant was present at the arrearage hearing and refused to provide information to the court when asked to speak.

This ground is not enough to show "good cause" because this court takes judicial notice that Judge Tso is the regular sitting judge in the Window Rock District. There are no affidavits or other matters in the record to overcome the presumption that only Judge Tso was authorized to grant a continuance. Further, the appellant was present at the hearing and had the opportunity to bring up continuance, but apparently did not do so. He also had the opportunity to answer very simple fact question, "Sir, did you pay the monthly child support which this court ordered or did you not?" The appellant was not prejudiced

by the action of the court, and any error arising out of the continuance matter was quite apparently harmless.

2. <u>Testimony to support the order</u>: The proceeding before the District Court was simple. On December 3, 1979 the appellant was found to be the father of a child, and the court ordered that the appellant pay $150 per month for the support of the child. The mother of the child later came before the court by means of a petition for an order to show cause to compel the appellant to pay accrued child support. The only questions the court had to decide were whether the appellant had obeyed the prior order, and, if money was owing, how much. The court's findings clearly show an arrearage for the period between the judgment and April of 1981, and that $2,500 was due and owing. The testimony of the mother would sound something like this: "Since the court ordered Mr. Lee to pay $150 per month for the support of his child in December of 1979, he has paid me nothing."

The trial court's findings are clearly based upon sufficient testimony.

3. <u>Accounting for the condition and well being of the child</u>: This is about as frivolous an argument as has ever been presented to this court. The legal issue raised by the pleadings before the court was whether or not the appellant had obeyed the court by paying child support. The appellant cites utterly no authority for the proposition that any court has any obligation to make an inquiry about the child in a proceeding such as this. Of course he would be unable to find any. Fathers who owe child support often attempt to raise smokescreens by way of hypocritical concern for the child or a false demand for child custody, and the Courts of the Navajo Nation should never tolerate such conduct.

4. <u>The blood grouping motions</u>: This is another smokescreen raised by the appellant. The issue before the court was not paternity. That issue was decided in December of 1979. The appellant's brief goes on at length about the concept of res adjudicata, and certainly that idea is applicable to this case. Res adjudicata forecloses any question of blood grouping tests with respect to the environment of an ajudicated and binding paternity judgment.

This review of the appeal before the court shows that the appellant has raised no matters of record which support his contentions regarding the continuance and certainly nothing has been shown which overcomes the presumption that Judge Brown had no authority to act. The remaining arguments which were generally raised but not supported, are frivolous and an affront to this court.

Therefore this appeal is DISMISSED.